IN THE UNITED STATES DISTRICT COURT
FOR THE CENTAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GABRIEL BOU NATER, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>-against-<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>                Defendant. | Civil Case Number:<br><br><u>CIVIL ACTION</u><br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff Gabriel Bou Nater ("Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against defendant State Farm Mutual Automobile Insurance Co. ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint against Defendant to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C §§ 227, *et seq*. ("TCPA") and invading the privacy of Plaintiff and the putative class by making unsolicited telemarketing calls using a pre-recorded and/or artificial voice without their consent in violation of the TCPA.

2. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

3. Defendant made an unauthorized telephone call to Plaintiff's cellular telephone using an artificial and/or pre-recorded voice for the purpose of soliciting business from Plaintiff.

4. The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

5. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited artificial and prerecorded voice phone calls as well as an award of statutory damages to the members of the Class (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

6. Plaintiff is an individual and citizen of Tennessee. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is an Illinois corporation, with its principal place of business and/or headquarters located at One State Farm Plaza, Bloomington, Illinois 61710. At all times relevant herein, Defendant conducted business in the State of Illinois and within this District. At all times mentioned herein, Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

10. The Court has personal jurisdiction over Defendant because: (i) its principal place of business is located in McLean County, Illinois; (ii) it conducts significant business in this

District; and (iii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from within this District.

## LEGAL BASIS FOR THE CLAIMS

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.

14. The TCPA also specifies several technical requirements for fax machines, autodialers, and voice messaging systems – principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

15. In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

16. Therefore, all pre-recorded telemarketing calls to residential lines and all pre-recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

3

17. As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

18. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

19. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

20. With respect to misdialed or wrong-number calls, the FCC clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.

## FACTUAL ALLEGATIONS

21. Defendant provides, *inter alia*, automobile insurance to consumers throughout the country, including within this District.

22. In Defendant's overzealous attempt to market its services, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls utilizing an artificial or pre-recorded voice without the prior express written consent of the call recipients.

23. Through this method, Defendant has invaded the personal privacy of Plaintiff and members of the Class.

24. Additionally, upon information and belief, Defendant has intentionally and repeatedly violated the TCPA, and will continue to do so in violation of Plaintiff's and the Class members rights absent judicial relief and legal redress.

## **FACTUAL ALLEGATIONS AS TO PLAINTIFF**

25. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in - 4111 ("Cell Phone").

26. Plaintiff is the sole user and/or subscriber of his Cell Phone and is financially responsible for phone service to his Cell Phone.

27. At no time prior to Defendant first initiating its call to Plaintiff did Plaintiff provide Plaintiff's Cell Phone number to Defendant through any medium.

28. At no time did Plaintiff ever enter a business relationship with Defendant.

29. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted for marketing purposes or on Plaintiff's Cell Phone.

30. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted by Defendant on his Cell Phone via an artificial voice or pre-recorded message.

31. Nevertheless, Defendant placed unlawful solicitation calls to Plaintiff on his Cell Phone in May 2023.

32. Specifically, on or about May 23, 2023, Plaintiff received an unsolicited telemarketing call from Defendant to his Cell Phone, appearing to be from the phone number 503-272-9917, utilizing an artificial and pre-recorded voice, as defined by 47 U.S.C. § 227(a)(1).

33. The artificial voice indicated, in part: "the reason we're reaching out is to save you money on your auto insurance as rates have dropped…"

34. Based on the cadence and tone of the voice, Plaintiff was able to discern that there was not a live representative on the line and that Defendant was utilizing an artificial or pre-recorded voice.

35. It was evident to Plaintiff that the voice he heard was artificial and pre-recorded because, *inter alia*: (a) the generic content of the voice message; and (b) the tone, cadence and inflection of the voice message, which sounded to the Plaintiff's ears like a pre-recorded message rather than a personal voice message that was placed personally for the Plaintiff by a live human being on the line.

36. Curious about who the caller was, how the caller obtained his number, and why the caller was contacting Plaintiff, Plaintiff remained on the line, interacted with the artificial voice and provided his zip code.

37. The artificial voice then indicated that Plaintiff "would be called back by an insurance rate specialist who will be able to save you some money on your insurance."

38. Thereafter, Plaintiff received a text message from "Donna Roberts" with "Aaron Franklin State Farm" about the auto insurance. The text message further indicated that "she will be calling from "423-894-2481."

39. On May 25, 2023, Plaintiff and his colleague then contacted the phone number to talk with Ms. Roberts and inquire about any type of consent purportedly provided to Defendant.

40. A different representative from Defendant answered indicating that Ms. Roberts "stepped out for lunch."

41. In response to questioning about Plaintiff's purported consent, the Defendant's representative said, "let me just explain to you where we get our information from, we had been purchasing leads from another company and so we found out that a lot of the information that we received from this outside company was incorrect."

42. As such, Defendant's representative admitted to its malfeasance and further supports Plaintiff's good faith belief that Defendant's representatives or agents have been harassing other consumers with unsolicited telemarketing.

43. Through the above-described repeated unsolicited and unwanted telemarketing calls, Defendant repeatedly invaded Plaintiff's privacy and violated Plaintiff's rights under the TCPA.

## **LEGAL CLAIMS**

44. Defendant's unsolicited telemarketing call to Plaintiff's Cell Phone was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

45. Plaintiff did not request or provide Defendant "prior express written consent" to receive telemarketing calls to his Cell Phone utilizing a pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

46. The unwanted telephone call Defendant made to Plaintiff invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

47. Upon information and belief, Defendant did not make the telephone solicitation to Plaintiff's Cell Phone and other similarly situated persons in error, nor were such telephone communications made for emergency purposes.

48. Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

49. Among other harms caused by the unlawful calls at issue, receiving the unwanted phone calls resembles the kind of harm associated with invasion of privacy and intrusion upon seclusion.

50. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and the Class of similarly situated individuals, bring suit under the TCPA, 47

U.S.C. §§ 227, *et seq.*, which prohibits calls to cellular telephones using an artificial and/or pre-recorded voice for the purpose of soliciting business without the recipient's prior express written consent.

51. On behalf of Plaintiff and the Class, Plaintiff seeks an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees for the unlawful calls.

## **CLASS ACTION ALLEGATIONS**

52. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class:

> All persons within the United States (1) who received any telephonic solicitation calls from or on behalf of Defendant (2) to said person's cellular telephone (3) made through the use of a prerecorded voice call (4) without such person's prior express consent to receiving such calls (5) within the four years prior to the filing of this Complaint.

53. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

54. Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class *via* their cellular telephones using an artificial and/or pre-recorded voice, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and other members of the Class.

55. Plaintiff does not know the number of members in the Class but believes the members of the Class number in the thousands, if not more. Thus, the members of the Class are so numerous that joinder of all of them is impracticable, and this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

56. The members of the Class are ascertainable because the Class is defined by objective criteria and the Class members can be identified through Defendant's records or Defendant's agents' records.

57. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

58. Common questions for the Class include, without limitation:

    a. Whether Defendant's conduct violated the TCPA;

    b. Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

    c. Whether Defendant made phone calls to consumers using a pre-recorded voice to any telephone number assigned to a cellular phone service; and

    d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

59. As a person who received a telephone solicitation from Defendant, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class.

60. Plaintiff and the Class suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, and suffered damages as a result of the Defendant's uniform unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

61. Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

62. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

63. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

64. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

65. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

66. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

67. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

68. Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

69. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST COUNT**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §§ 227, *ET SEQ.***

70. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

71. Defendant made unsolicited and unauthorized phone calls using an artificial or pre-recorded voice to the cellular telephones of Plaintiff and the Class members for the purpose of marketing products and/or services to Plaintiff and the Class.

72. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

73. Defendant made unsolicited and unauthorized calls to Plaintiff and Class members for the purpose of marketing products and/or services to those Plaintiff and the Class.

74. Defendant's conduct invaded Plaintiff's privacy.

75. As a result of Defendant's violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

76. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227, *ET SEQ.*

77. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

78. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

79. Defendant knew that it did not have prior express written consent to make calls to Plaintiff utilizing an artificial or pre-recorded voice, and knew or should have known that it was using an artificial or prerecorded voice in violation of the TCPA.

80. Defendant willfully and/or knowingly allowed telemarketing calls to be placed to Plaintiff and Class members utilizing an artificial or pre-recorded voice. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members, yet disregarded such information and placed illegal and unwanted solicitation calls.

81. Because Defendant knew or should have known that Plaintiff and Class Members never gave their prior express written consent to receive calls utilizing an artificial or pre-recorded voice, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

82. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully request the following relief:

a. An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and

b. appointing the law firm representing Plaintiff as Class Counsel;

c. An Order declaring Defendant's conduct, as alleged above, was in violation of the TCPA;

d. On the First Count and as a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper; and

e. On the Second Count and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

f. Post-judgment interest as allowed by applicable law; and

g. Any other further relief that the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of the Class, demands a jury trial on all issues so triable.

Dated: October 26, 2023

          Respectfully submitted,

          **KAZEROUNI LAW GROUP, APC**

By:    */s/ Mona Amini*
        Abbas Kazerounian, Esq. (6316129)
        ak@kazlg.com
        Mona Amini, Esq.
        mona@kazlg.com
        245 Fischer Avenue, Unit D1
        Costa Mesa, California 92626
        Telephone: (800) 400-6808
        Facsimile: (800) 520-5523

        Ross H. Schmierer, Esq.*
        ross@kazlg.com
        3000 Atrium Way, Suite 200
        Mount Laurel, New Jersey 08054
        Telephone: (732) 588-8688

        **Motion for Admission to Practice Forthcoming*

        *Attorneys for Plaintiff*